IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATURE'S SUNSHINE PRODUCTS, INC. and NATURE'S SUNSHINE PRODUCTS DE MÉXICO, S.A. de C.V., | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO: 3:05-CV-1238-P |
| NATURAL HEALTH TRENDS CORP.; LEXXUS INTERNATIONAL, INC.; LEXXUS INTERNATIONAL (MEXICO), S.A., and DISTRIBUIDORA NHTC de MEXICO, S. de R.L. de C.V., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendants' Emergency Motion to Transfer Venue ("Motion to Transfer"), filed June 30, 2005. Plaintiffs filed a Response on Monday July 11, 2005, and Defendants filed a Reply on Friday July 15, 2005.[1] After considering the parties' arguments and briefing, and the applicable law, the Court GRANTS Defendants' Motion to Transfer.

## I.    Background and Procedural History

Nature's Sunshine Products, Inc., a Utah corporation, and its Mexican subsidiary corporation Nature's Sunshine Products de Mexico, S.A. de C.V. ("Plaintiffs"), are in the

---

[1] On July 21, 2005, Plaintiffs also submitted a letter to the Court in which they continue their arguments in opposition to Defendants' Motion to Transfer. The Court views this letter as a sur-reply. Therefore, because Defendants' Reply did not raise new legal issues and because Plaintiffs did not seek court approval for submitting a sur-reply, the Court does not consider it in this Order.

business of manufacturing, selling, and distributing nutritional and personal care products. (Pls.' Compl. at 2-3.) Beginning in 2000, Plaintiffs employed Jose Villareal Patiño ("Villareal") as Executive Director of Latin American Operations and Oscar de la Mora Romo ("de la Mora") as General Manager of Mexican Operations. (Pls.' Resp. at 3.) Villareal and de la Mora each signed agreements with Plaintiffs for confidentiality, non-disclosure, non-competition, and non-solicitation (the "Agreements"). (Pls.' Compl. App. Ex. A-C.) Villareal and de la Mora resigned in late 2004, and then signed employment agreements with Lexxus International (Mexico), S.A. ("Lexxus Mexico"). (Pls.' Resp. at 3, App. Ex. D. at 4.) Lexxus Mexico is a Mexican corporation and a subsidiary of Lexxus International, Inc. ("Lexxus"), a Texas corporation and a subsidiary of Natural Health Trends Corporation ("NHTC"). (Pls.' Resp. App. Ex. D at 2, 4.) NHTC is a Florida corporation with its principal place of business in Texas. (Pls.' Resp. App. Ex. D at 2.) Lexxus Mexico, however, never became operational, and Villareal and de la Mora ended up working for Distribuidora NHTC de Mexico, S. de R.L. de C.V. ("NHTC Mexico"), a Mexican corporation and another subsidiary of NHTC. (Pls.' Resp. App. Ex. D at 2, 4.)

On January 13, 2005, Plaintiffs filed suit against Villareal, de la Mora, NHTC, Lexxus, and Lexxus Mexico in Utah state court for claims related to alleged violations of the Agreements, as well as misappropriation of trade secrets, disclosure and use of confidential information, and unfair competition. (Defs.' Mot. App. Ex. A.) The next day, Defendants removed the action to federal court in Utah, and on January 21, 2005, pursuant to stipulation of the parties, the judge entered a temporary restraining order ("TRO") against the defendants, prohibiting them from using Plaintiffs' confidential information or trade secrets in any way.

(Defs.' Mot. App. Ex. B, D at 1.)  Plaintiffs then filed a motion to remand the case back to Utah state court based on lack of subject matter jurisdiction, but the court denied their motion on February 17, 2005.  (Defs.' Mot. App. Ex. C.)  On March 15, 2005, Plaintiffs amended their complaint and eliminated the domestic defendants NHTC and Lexxus.  (Defs.' Mot. App. Ex. D at 1.)  They then filed a renewed motion to remand to state court, but on May 2, 2005, it was denied.  (Defs.' Mot. App. Ex. D.)  Plaintiffs subsequently dismissed the action on May 5, 2005. (Defs.' Mot. App. Ex. E.)

On May 17, 2005, Villareal and de la Mora brought a declaratory judgment action in Utah federal court against Plaintiffs, seeking a declaration that the non-competition provisions of the Agreements are unenforceable under Mexican law.  (Defs.' Mot. App. Ex. F. at 5.)  Two days later, Plaintiffs re-filed suit in Utah state court against Villareal, de la Mora, Lexxus Mexico, and NHTC Mexico for breach of contract, breach of fiduciary duty, breach of the duty of good faith and fair dealing, tortious interference with contract, misappropriation of trade secrets, and unfair competition.  (Defs.' Mot. App. Ex. G; Pls.' Resp. at 5.)

On June 17, 2005, Plaintiffs brought the current action in this Court against NHTC, Lexxus, NHTC Mexico, and Lexxus Mexico, in which they request relief for claims of misappropriation of trade secrets, tortious interference with contract, aiding and abetting breach of fiduciary duties, and unfair competition.  (Pls.' Resp. at 5.)  Defendants NHTC and Lexxus subsequently filed this Emergency Motion to Transfer, requesting the Court to transfer the case to the United States District Court for the District of Utah, Central Division, under the first to file rule or, in the alternative, under 28 U.S.C. § 1404(a).  (Defs.' Mot. at 1.)  NHTC Mexico joined NHTC and Lexxus (collectively, "Defendants") in their Motion to Transfer on July 21, 2005.

## II.      First to File Rule

Generally, when two identical actions are filed in courts of concurrent jurisdiction, the court that first acquired jurisdiction should try the lawsuit. *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985); *Dallas Semiconductor Corp. v. Credit Suisse First Boston Corp.*, No. Civ. A. 3:01-CV-0851-P, 2001 WL 1142643, at *2 (N.D. Tex. 2001) (Solis, J.) (citing *Fidelity Bank v. Mortgage Funding Corp. of Am.*, 855 F. Supp. 901, 902 (N.D. Tex. 1994) (McBryde, J.)).  However, the first to file rule is not a rigid or inflexible rule to be mechanically applied or adhered to when compelling circumstances necessitate dismissal of the first action rather than the second.  *Dallas Semiconductor*, 2001 WL 1142643, at *2. Anticipatory declaratory judgment actions constitute an exception to the first to file rule. *See id*; *PAJ, Inc. v. Yurman Design, Inc.*, No. Civ. A. 3:98-CV-2847-P, 1999 WL 68651, at *2 (N.D. Tex. 1999) (Solis, J.).

"The court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving similar issues should proceed." *Cadle v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999) (quoting *Save Power Ltd. V. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).  The rule is based on principles of comity and sound judicial administration.  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Dallas Semiconductor*, 2001 WL 1142643, at *2 (quoting *PAJ, Inc.*, 1999 WL 68651, at *3) (citations omitted).  The rule likewise applies to first-filed actions for declaratory judgment. *Fidelity Bank*, 855 F. Supp. at 903 (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989)).  In that situation, the first-filed court has the responsibility of

determining whether it will entertain the declaratory judgment suit or dismiss it as anticipatory. *Id.*; *Gustafson, Inc. v. Novartis Crop Protection, Inc.*, 1998 WL 795016, at *1 (N.D. Tex. 1998) (Fitzwater, J.).

A second-filed court must, on a party's motion to transfer to the first-filed court, limit its inquiry to whether the "'likelihood of substantial overlap between the two suits has been demonstrated.'" *Cadle*, 174 F.3d at 605-06 (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)). The rule does not require that the cases be identical. *Save Power*, 121 F.3d at 950. If the court determines that a substantial overlap likely exists, it should transfer the action to the first-filed court, and it should refrain from resolving challenges to the first-filed court's authority, such as challenges of jurisdiction or standing. *Cadle*, 174 F.3d at 606.

In this case, Plaintiffs argue that transfer is inappropriate under the first to file rule because the issues in the declaratory judgment action do not substantially overlap with the issues in the instant case. The Plaintiffs further contend that even if there is a likelihood of substantial overlap, the Utah federal court must determine which case should proceed; thus, because the declaratory judgment action is anticipatory, it will dismiss the suit. While the first part of Plaintiffs' argument is true, the second part does not necessarily follow. Plaintiffs are relying on proper law, that is, that anticipatory declaratory judgments are an exception to the first to file rule. However, under these circumstances, the Court does not know if the declaratory judgment action is in fact anticipatory. It is the responsibility of the Utah federal court to resolve that question, and this Court may not predict what it will hold on the matter. To do so would undermine the principles underlying the first to file rule – specifically, the protection of a court's authority from the encroachment of a sister court's decision.

In *Dallas Semiconductor Corp.* and *PAJ, Inc.*, this Court was the first-filed court in which the plaintiffs sought a declaratory judgment. As the first-filed court, it exercised its responsibility to determine whether the declaratory judgment actions were anticipatory, and whether those first actions or the subsequent related actions should proceed. Therefore, if there is a likelihood of substantial overlap between the two suits at issue here, the Utah federal court has the authority to decide if the circumstances necessitate dismissal of the declaratory judgment action as anticipatory, and if the first or second suit ought to proceed. Accordingly, this Court limits its inquiry to whether there is a likelihood of substantial overlap between the two suits.

After reviewing the parties' arguments, the Court finds that the two cases have a likelihood of substantial overlap. The disputes and claims in both actions all arise from the same occurrence - Villareal and de la Mora's resignation from their positions with Plaintiffs to go work for Defendants. Moreover, the issues in both cases center on Villareal, de la Mora, and Plaintiffs' rights and duties under the Agreements, as well as the question of whether Defendants could rightfully employ Villareal and de la Mora at all. Therefore, although Plaintiffs attempt to demonstrate that the two cases' issues are in fact more limited in scope and are distinct from one another, the Court believes that as the litigation process continues in these actions, many of the same determinations will need to be made in both actions, and much of the same evidence will be required. Determination of the parties' rights and obligations under the Agreements, as well as whether any breaches have occurred, will need to be made in light of the Agreements in their entirety; thus, to allow both cases to proceed separately would result in piecemeal, duplicate, and potentially contradictory, determinations. Because the issues in the current action and the

declaratory judgment are intertwined and arise from the same nucleus of facts involving the same parties, the Court finds that a likelihood of substantial overlap exists.


## V.      Conclusion

Accordingly, the Court GRANTS Defendants' Emergency Motion to Transfer Venue to the United States District Court for the District of Utah, Central Division.

**It is so ordered.**

Signed this 5th day of August 2005.


JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE